UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY JOEL JESSIE-BEY a/k/a ORZA SALONE,<br><br>Petitioner,<br><br>v.<br><br>MARK SEVIER Warden of New Castle Correctional Facility,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:21-cv-00734-JRS-DLP<br>)<br>)<br>)<br>)<br>)<br>) |

**Order Dismissing Petition for a Writ of Habeas Corpus for Lack of Jurisdiction**

Petitioner Gregory Jessie-Bey, aka Orza Salone, is incarcerated at New Castle Correctional Facility pursuant to an Indiana state court conviction. For the reasons explained in this Order, the Court **dismisses** Mr. Jessie-Bey's petition for a writ of habeas corpus for lack of jurisdiction.

## I. Dismissal of Petition

On March 25, 2021, Mr. Jessie-Bey filed a petition for writ of habeas corpus challenging his conviction in Indiana cause number 34C01-9310-CF-00060. Mr. Jessie-Bey previously challenged this conviction in case number 3:13-cv-371 in the Northern District of Indiana, and his petition was denied as untimely on July 17, 2013. *Salone v. Superintendent*, 2013 WL 3777236 (N.D. Ind. July 17, 2013).

When there has already been a decision on the merits in a federal habeas action, a petitioner must obtain permission from the Court of Appeals under 28 U.S.C. § 2244(b) to initiate another round of federal review. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or

successive [habeas] applications in district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). "Section 2244(b)(3)(A) is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing." *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (internal quotation omitted) (emphasis in original). "The dismissal of a suit as untimely is a dismissal on the merits." *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). Thus, the Court ordered Mr. Jessie-Bey to show cause why his petition should not be dismissed as an unauthorized successive petition. Dkt. 4.

On May 12, 2021, Mr. Jessie-Bey requested permission from the Seventh Circuit Court of Appeals to pursue a successive petition, *see Salone v. Sevier*, Docket 21-1849, and he now moves this Court to stay his habeas petition while he awaits a decision on the application, dkt. [6]. But that application is pending; no approval has been given. Accordingly, this Court lacks jurisdiction over his petition for a writ of habeas corpus, and it is **dismissed for lack of jurisdiction**. Mr. Jessie-Bey's motion to stay the proceedings, dkt. [6], is **denied**. If Mr. Jessie-Bey receives permission from the Seventh Circuit, he may file another petition. Judgment consistent with this Order shall now issue.

## II.   Conclusion

Mr. Jessie-Bey's motion to stay the proceedings, dkt. [6], is **denied**, and his petition for a writ of habeas corpus is **dismissed** for lack of jurisdiction. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date:   5/17/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GREGORY JOEL JESSIE-BEY
944875
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362